■ HAMOND & COMPANY, INC., Respondent, v RISK SPECIALISTS COMPANY OF NEW YORK, INC., Appellant, et al., Defendant. [619 NYS2d 744] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Risk Specialists Company of New York, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated February 24, 1993, as granted the plaintiff's motion for summary judgment with regard to the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

This is an action to recover insurance brokerage commis-

sions allegedly earned by the plaintiff as agent for the insured, Dan Dee Stores, Inc. (hereinafter Dan Dee). The two insurance policies in question were written and in full force and effect before Dan Dee changed agents, but Dan Dee did not pay the premiums until after the change. The plaintiff contends that it earned its commission when it brought about the relationship between Dan Dee and the insurer, Lexington Insurance Company (hereinafter Lexington). The appellant, the agent for Lexington, contends that, pursuant to the contract between it and the plaintiff, the commission was not earned until after Dan Dee had paid the premium, which was after Dan Dee had severed its agency relationship with the plaintiff.

Absent an agreement to the contrary, a broker earns its commission when it brings about the relationship of insurer and insured (see, Boro Hall Agency v Citron, 69 Misc 2d 60). Here, the plaintiff brought about the relationship between Dan Dee and Lexington in 1988. That relationship continued through the rewriting of the two policies that are the subject of this appeal. By a letter dated July 9, 1990, 24 days after the policies, as rewritten, were in full force and effect, Dan Dee informed Lexington that it was substituting a new agent for the plaintiff. Accordingly, the relationship between Dan Dee and Lexington was not only brought about by the plaintiff, but it was also in full force and effect prior to the July 9, 1990, letter. Since the two policies continued in full force and effect even after the plaintiff had been replaced as Dan Dee's agent, the plaintiff's contractual right to the agreed upon commission was not affected by the cancellation of its agency (see, Clausen v Title Guar. & Sur. Co., 168 App Div 569, affd 222 NY 675).

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.